IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTAL D. LEACH, | : Case No.: 4:04cv1067 |
| Plaintiff | : |
| | : Judge Jones |
| v | : |
| | : |
| JOANNE B. BARNHART, | : |
| Commissioner of Social Security | : |
| Defendant. | : |

**MEMORANDUM AND ORDER**

June 8, 2005

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On or about March 18, 2003, the plaintiff, Crystal D. Leach ("Plaintiff" or "Leach"), filed an application for disability insurance benefits ("DIB") alleging an inability to work since March 31, 2000, due to scoliosis, attention deficit disorder ("ADD"), and possible manic-depressive illness. After Plaintiff's claim was denied initially and on reconsideration, an administrative hearing was held on December 9, 2003. Plaintiff was denied benefits by the Administrative Law Judge ("ALJ") pursuant to the decision of December 24, 2003. (See Reproduced Record ("RR") at 10-18; see also Rep. & Rec. at 1). Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on March 17, 2004, making the decision of the ALJ the "final decision" of the Commissioner. See R.R. at 3-6; 42

U.S.C. § 405(g)(1995).

Plaintiff filed the instant action in the United States District Court for the Middle District of Pennsylvania on May 13, 2004.  The case was referred to United States Magistrate Judge Thomas M. Blewitt for preliminary review.

On May 3, 2005, the Magistrate Judge issued a report recommending that the Plaintiff's appeal be denied as the ALJ's decision is supported by substantial evidence.   Objections to the Magistrate Judge's report were due by May 17, 2005 and to date none have been filed.  This matter is therefore ripe for disposition.

**STANDARD OF REVIEW:**

When no objections are filed to the report of a Magistrate Judge, we need only review that report as we in our discretion deem appropriate.  See Thomas v. Arn, 474 U.S. 145, 151-52(1985).  In an appeal of the denial of Social Security Benefits, our review of the Magistrate Judge's report and the issues contained therein is governed not only by that principle but also by 42 U.S.C. § 405(g).  In such cases our review is less than plenary.  A decision of the Commissioner  which is supported by substantial evidence must be affirmed.  See Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"

Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).  Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971).  Therefore, a reviewing court must scrutinize the record as a whole. See Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); see also Dobrowolosky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).

**DISCUSSION:**

As the Magistrate Judge explained, the Commissioner has promulgated regulations creating a five-step process to determine if a claimant is disabled.  This process requires the Commissioner to consider, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairments meet or equal a listed

impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work. See 20 C.F.R. § 404.1520; see also 20 C.F.R. § 416.920.

After proceeding through each step of the sequential evaluation process, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (See Rep. & Rec. at 4). The ALJ determined the following: that Plaintiff has not engaged in substantial gainful work activity since her alleged disability onset date; that Plaintiff's attention deficit hyperactivity disorder ("ADHD") diagnosed as early as June 1995 and again recently in July 2003 is a severe impairment, but not severe enough to meet or medically equal the criteria for establishing disability under the listed impairments as set forth in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff's back condition, transitional vertebra with sacralization of L5, was not severe, nor was her depression; that Plaintiff was not able to perform her past relevant work; and that Plaintiff is capable of performing work that exists in significant numbers in the national economy. See id. at 5-6.

Magistrate Judge Blewitt reviewed the administrative record and prepared a comprehensive report concluding that Plaintiff's appeal should be denied as the

ALJ's decision is supported by substantial evidence.  Our review of this case confirms the Magistrate Judge's determinations and, while we have not been presented with any reason to revisit them, we will reiterate the salient aspects thereof.

We initially note that the relevant time period to consider in this case is March 31, 2000, the alleged onset date of disability, through December 24, 2003, the date of the ALJ's decision.  As the Magistrate Judge notes, the Plaintiff first argues that the ALJ improperly considered and failed to give appropriate weight to the opinion of her treating psychologist, Mr. Thomas, M.S., and to the opinion of the nurse practitioner who completed a psychiatric evaluation of her.  However, we agree with the Magistrate Judge that substantial evidence supports the ALJ's finding that notwithstanding the limited weight she afforded the assessment of the nurse practitioner, there were no limitations found which would preclude the Plaintiff from performing unskilled work.  (See Rep. & Rec. at 9-10).  Moreover, we are in agreement with the Magistrate Judge's determination that the ALJ indicated the weight that she afforded to Mr. Thomas' findings, fully discussed and gave appropriate weight to the reports of Tressler Counseling Services, as well as to all of the medical evidence.  Id. at 11-13.  There is therefore substantial evidence in support of the ALJ's finding that Plaintiff can perform unskilled work, despite her

severe ADHD.  Id. at 13.

The second salient aspect of the Magistrate Judge's report concerns the Plaintiff's credibility.  Although the Plaintiff maintains that the ALJ erred in finding her testimony regarding her subjective complaints not fully credible and failed to sufficiently address her credibility with respect to her ADHD, we are in agreement with the Magistrate Judge that the ALJ relied upon both medical and nonmedical evidence which was in the record, including Plaintiff's and her husband's testimony, and that this evidence was sufficient to support her decision.  Id. at 13-16.  We therefore find that the ALJ's decision is supported by substantial evidence.

Because we find no error in Magistrate Judge Blewitt's Report and Recommendation and, because no objections have been filed, we will adopt the Magistrate Judge's findings as our own.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. The Report and Recommendation (doc. 14) filed on May 3, 2005, is adopted in its entirety.

2. We find in favor of the Defendant, consistent with Magistrate Judge

Blewitt's Report and Recommendation.

3. The Clerk of Court shall close the file on this case.

s/ John E. Jones III<br>
JOHN E. JONES III<br>
United States District Judge